Alfonso de Cumpiano, Juez Ponente
TEXTO COMPLETO DE LA RESOLUCION
Recurre ante este Tribunal el Sr. Amilcar Domenech solicitando la revisión de una resolución de la Comisión Industrial en que se le deniega una reclamación de beneficios en virtud de las disposiciones de la Ley del Sistema de Compensaciones por Accidentes del Trabajo, Ley Núm. 45 del 18 de abril de 1935, según enmendada, 11 L.P.R.A. secs. 1-42. El recurrente alega, en síntesis, que la Comisión Industrial erró en su apreciación de la prueba al determinar que no existe nexo causal entre un incidente en el trabajo y la agravación de su condición emocional.
Examinados los planteamientos de las partes, los documentos del expediente y el derecho aplicable, procede denegar el recurso, por los fundamentos expuestos a continuación.
El alegado accidente del trabajo en que ampara su reclamación el recurrente, surge de los siguientes hechos, según constan en el récord. El señor Domenech tenía diagnóstico de varios padecimientos físicos y de una condición emocional, diagnosticada como esquizofrenia, para los que tomaba medicamentos. En octubre de 1984, el señor Domenech se encontraba en la fábrica donde trabajaba cuando irrumpió en su área de trabajo el Sr. Saturnino Jaca, quien había sido suspendido de su empleo como supervisor en la misma fábrica. El señor Jaca llegó en actitud agresiva y amenazante procediendo a agredir y forcejar con varias personas. El recurrente presenció el incidente aunque no estuvo involucrado directamente, ni fue atacado por el señor Jaca. Aparentemente sufrió un desmayo y fue llevado al hospital.
El señor Domenech acudió a la Corporación del Fondo del Seguro del Estado (el Fondo) y presentó una reclamación de beneficios al amparo de la Ley del Sistema de Compensaciones por Accidentes del Trabajo, alegando que el incidente en el trabajo el creó una condición mental que le incapacita para trabajar. El Administrador del Fondo determinó que el señor Domenech no sufrió un accidente de los protegidos por la ley, por lo que éste instó recurso de apelación ante la Comisión Industrial. Dicho organismo devolvió el caso al Fondo, ordenándole reevaluarlo a los fines de determinar si el incidente *795 ocurrido en el trabajo pudo en alguna forma provocar o agravar la condición de "desorden de ansiedad generalizado" que le fue diagnosticada por un psiquiatra consultor del Fondo. El Administrador del Fondo ratificó su decisión, expresando que la condición mental del lesionado no está relacionada con el trabajo. La Comisión Industrial, previa vista y aquilatación de la prueba testifical y documental, sostuvo que no se estableció un nexo causal entre los padecimientos del señor Domenech y el incidente invocado y confirmó la determinación del Fondo.
Consideramos los planteamientos del recurrente sobre la apreciación de la prueba bajo el principio reiterado que las determinaciones de hechos de las agencias administrativas gozan de una presunción de corrección y los tribunales el otorgan gran respeto y deferencia siempre que estén respaldadas por evidencia sustancial que obre en el expediente administrativo. Ley Núm. 170 de 12 de agosto de 1988, según enmendada, sec. 4.5, 3 L.P.R.A. sec. 2175; Maisonet Felicié v. Fondo del Seguro del Estado, 142 D.P.R. _ (1996), 96 J.T.S. 169, pág. 454; Henríquez v. Consejo de Educación Superior, 120 D.P.R. 194, 210 (1987).
Específicamente en cuanto a decisiones de la Comisión Industrial, los tribunales no intervendrán con las conclusiones de dicho organismo, en ausencia de un motivo que lo justifique, siempre y cuando estén sustentadas por prueba pericial precisa, clara y contundente. Agrón Pérez v. Fondo del Seguro del Estado, 142 D.P.R. _ (1997), 97 J.T.S. 24, pág. 657. No obstante, al ejercer su función revisora, los tribunales tienen amplia discreción para evaluar y apreciar la prueba pericial médica.
La Ley del Sistema de Compensaciones por Accidentes del Trabajo, en que se ampara la reclamación del recurrente, establece que sus disposiciones aplican a los obreros y empleados que pierdan la vida, sufran lesiones o se incapaciten por accidentes que tengan su origen en actos o funciones inherentes del trabajo, que ocurran en el curso de éste y como consecuencia del mismo, o por enfermedades o muertes derivadas de la ocupación. Artículo 2, 11 L.P.R.A. see. 2. Esta ley se ha interpretado liberalmente por su carácter remedial por lo que si existe duda razonable en cuanto a su aplicación, debe resolverse a favor del empleado. La duda razonable que favorece al obrero se rebate con prueba clara y convincente de la inexistencia de relación causal entre el padecimiento del obrero y su trabajo. Agrón Pérez v. Fondo del Seguro del Estado, supra.
Las condiciones mentales son compensables bajo el referido estatuto cuando existe relación causal entre la condición mental y el empleo, y cuando la condición mental crea una incapacidad o agrava una incapacidad existente. Tanto el nexo causal como la determinación de la existencia de una incapacidad para trabajar o la agravación de una incapacidad previa deben demostrarse de forma clara y convincente mediante prueba pericial basada en los exámenes psiquiátricos apropiados. Díaz Rivera v. Policía de Puerto Rico, 140 D.P.R. _ (1996), 96 J.T.S. 45, págs. 915-916.
Bajo las antes señaladas normas, examinemos si la determinación de la Comisión Industrial está sustentada por prueba de manera clara y convincente que surja del expediente o si, por el contrario, existía duda razonable en cuanto a la relación causal entre la condición mental del obrero y el incidente ocurrido en el trabajo.
En la vista pública celebrada en la Comisión Industrial declararon dos peritos psiquiatras, la Dra. Ozema Mirabal, como perito del Fondo y el Dr. Víctor Liado, psiquiatra consultor de la Comisión.
Conforme surge del expediente y de las determinaciones de hechos de la resolución recurrida, la doctora Mirabal basó su testimonio en el expediente del Fondo, en los informes médicos del caso, en evidencia del Hospital de Veteranos y en una hospitalización que tuvo el recurrente en 1985. Expuso en su declaración que los documentos examinados reflejan que el señor Domenech padecía desde antes del incidente en el trabajo de diabetes, hipertensión, gastritis y artritis, condiciones que son totalmente ajenas al trabajo, al igual que un diagnóstico de esquizofrenia de 1978.
Al evaluar los padecimientos del señor Domenech y los medicamentos que se le habían suministrado, la doctora se percató de que no hubo cambio alguno en los medicamentos ni evidencia de empeoramiento en los síntomas luego del incidente en el trabajo; que las notas en el expediente médico de los dos meses después del incidente tampoco mencionan cambios en su enfermedad. Consideró que el curso normal de la condición mental que padece el señor Domenech presenta *796 momentos de remisión y otros de exacerbación y que no encontró evidencia de exacerbación en el expediente para el 1984. Mencionó, además, que hay evidencia de que el señor Domenech estuvo hospitalizado por su condición de esquizofrenia en 1979, contrario a lo que éste alega en su escrito de revisión.
La doctora Mirabal sostuvo que una exacerbación de la esquizofrenia no produce desmayo y que lo que experimentó el señor Domenech tampoco cae bajo un diagnóstico de "desorden generalizado de ansiedad" debido a que no tiene todos los síntomas de ese trastorno ni cumple con el lapso de tiempo requerido para su desarrollo; que el sólo hecho de presenciar un incidente no le provocaría síntomas inmediatos como se alega que sucedió en este caso. Sostuvo que el mareo o desmayo que aparentemente tuvo el señor Domenech luego del incidente pudo haber sido a causa de su condición diabética o de hipertensión.
El otro perito que declaró en la vista, el doctor Liado, presentó testimonio basado en el expediente suministrado por el Fondo y en el examen psiquiátrico realizado al obrero el 30 de abril de 1992. En su testimonio expresó que el empleado sufre de una condición psiquiátrica desde los años setenta caracterizada por un trastorno esquizofrénico y que ocasionalmente tiene síntomas de ansiedad y depresión; que estos síntomas estaban activos y manifiestos antes y después del incidente en el trabajo; cfue los síntomas nerviosos que experimentó inmediatamente después del incidente son consistentes con la condición mental previa del señor Domenech y no constituyen una condición nueva.
Al igual que la doctora Mirabal, expresó que no se puede asumir que la condición mental se agravó por el incidente debido a que el señor Domenech padecía de otras condiciones físicas tales como diabetes e hipertensión que pudieron haber provocado los síntomas que el empleado experimentó posteriormente; que del análisis pericial de la prueba médica no queda cabalmente documentada una agravación de la condición del paciente.
Según el testimonio del doctor Liado, aunque no está claro cuál fue la naturaleza del incidente que el empleado presenció, no se puede descartar cien por ciento la posibilidad de una agravación de la condición mental que padecía. Mencionó dos factores de los cuales se puede llegar a inferir que el incidente agravó la condición mental del señor Domenech: el hecho de que no se había hospitalizado hasta después del incidente y el hecho de que con posterioridad, no pudo regresar a trabajar.
Esas expresiones del doctor Liado, señaladas por el recurrente como base para su reclamo, no son suficientes para crear duda razonable sobre la inexistencia de nexo causal y derrotar la conclusión de la Comisión Industrial. La prueba sostiene que el recurrente había sido hospitalizado en otra ocasión antes del incidente. También surge del récord evidencia de que su hospitalización en 1985, casi un año después de lo acontecido en la fábrica, se debió a problemas familiares que nada tenían que ver con su trabajo. En cuanto al hecho de que el señor Domenech no regresara a trabajar, ambos peritos declararon que el empleado padecía desde hace años de varias condiciones crónicas y progresivas que acortan la expectativa de vida de las personas, y que era previsible que el empleado iba a tener que dejar de trabajar eventualmente.
El recurrente no ha podido establecer que medió prueba ante la Comisión que derrotara sus determinaciones de hechos. Sus planteamientos ante este Tribunal no alteran la presunción de corrección de dichas determinaciones. Estas encuentran apoyo en prueba pericial clara, precisa y convincente basada en testimonios y en los expedientes médicos.
En conclusión, la determinación de la Comisión Industrial encuentra apoyo en la evidencia contenida en el expediente, por lo que no hay base para nuestra intervención. No habiéndose demostrado que la agencia actuara de manera arbitraria y caprichosa al negarle los beneficios al recurrente o que hubiese abusado de la discreción que la ley le confiere, se deniega el recurso.
Lo acordó el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General